UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN DAVIS,

                                     Petitioner,

                                                                                                 Case # 16-CV-275-FPG

v.

                                                                                                 DECISION AND ORDER

HAROLD D. GRAHAM,

                                     Respondent.

## INTRODUCTION

*Pro se* petitioner Kevin Davis ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On November 4, 2016, Petitioner moved to hold his petition in abeyance while he exhausts his claims in state court. ECF No. 6. Petitioner also requests more time to reply to Respondent's opposition to his habeas petition because he was unaware of the deadline. ECF No. 6 at 2. For the reasons that follow, Petitioner's motion to hold his petition in abeyance (ECF No. 6) is DENIED. Petitioner has until October 27, 2017 to file a reply to Respondent's opposition papers.

## BACKGROUND

Petitioner was convicted after a jury trial in New York State Supreme Court, Erie County, of murder in the second degree and was sentenced to 25 years to life. ECF No. 1 at 1. On direct appeal, the Appellate Division, Fourth Department unanimously affirmed his conviction. *People v. Davis*, 118 A.D.3d 1264 (4th Dep't 2014). The New York Court of Appeals denied leave to appeal. *People v. Davis*, 24 N.Y.3d 1083 (2014).

On April 6, 2016, Petitioner filed this habeas petition that asserts the following grounds for relief: (1) that he was denied due process and effective assistance of counsel; (2) that post-trial

evidence of his innocence constitutes newly discovered evidence and requires the vacatur of his conviction; and (3) that his conviction should be vacated because he is "actually innocent." ECF No. 1 at 4.

On November 4, 2016, Petitioner moved to have the petition stayed and held in abeyance so that he can fully exhaust his claims in state court. ECF No. 6. Petitioner argues that his claims have not been exhausted because "certain of those claims are still pending before the Appellate Division" and that the Court should review his petition "on a preliminary basis due to Petitioner not being informed of the deadlines to file responses and/or reply to Respondent's Answer and Memorandum in opposition to his federal Habeas claims." *Id.* at 1-2.

## DISCUSSION

In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Supreme Court stated that "it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had [1] good cause for his failure to exhaust, [2] his unexhausted claims are potentially meritorious, and [3] there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." On the other hand, even if a petitioner had "good cause" for failing to exhaust the claims first, it would be an abuse of discretion to grant a stay when the claims are "plainly meritless." *Id.* at 277 (citing 28 U.S.C. § 2254(b)(2)).

The Supreme Court did not define "good cause" in *Rhines*. "[I]in the years since, the Supreme Court has elaborated only once, holding in *Pace v. DiGuglielmo* that a 'petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.'" *Nieves v. Conway*, No. 09-CV-3710 SLT LB, 2011 WL 2837428, at *2 (E.D.N.Y. July 14, 2011) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)). "Reasonable confusion" as to federal court deadlines, however, does not constitute good cause for

petitioner's failure to exhaust in state court. *Id.* at *3 (noting that even if petitioner demonstrated "reasonable confusion" about the filing deadline, "*Pace* is of little help to Petitioner, as it recognizes confusion about *state* deadlines; it does not offer explicit support for finding good cause in confusion as to a *federal* deadline.") (citing *Pace*, 544 U.S. at 416) (emphasis in original).

Here, Petitioner merely asserts that he was confused as to the filing deadlines in the instant habeas case. Specifically, Petitioner requests that the Court review his petition "on a preliminary basis due to Petitioner not being informed of the deadlines to file responses and/or reply to Respondent's Answer and Memorandum *in opposition to his federal Habeas claims*." ECF No. 6 at 1-2 (emphasis added).

As noted above, reasonable confusion as to federal deadlines does not constitute "good cause" for failing to exhaust state claims. "The absence of 'good cause' for the failure to exhaust is fatal to Petitioner's ability to fulfill the *Rhines* standard." *Carr v. Graham*, 27 F. Supp. 3d 363, 365 (W.D.N.Y. 2014) (citing *Rhines*, 544 U.S. at 277) ("Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.")). Accordingly, the Court finds that "good cause" is not present and that it would be an abuse of discretion to grant a stay. *Benton v. LaClair*, No. 6:14-CV-06012 MAT, 2015 WL 1003847, at *5 (W.D.N.Y. Mar. 5, 2015) ("Petitioner cannot show good cause for his failure to exhaust his claim earlier, and absent such cause, the Court would abuse its discretion in granting a stay.").

## CONCLUSION

For the reasons stated, Petitioner's motion to hold his petition in abeyance (ECF No. 6) is DENIED.  Petitioner has until October 27, 2017 to file a reply to Respondent's opposition papers.

IT IS SO ORDERED.

Dated: September 28, 2017
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court