UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

KEVIN DAVIS,

         Petitioner,

                     Case # 16-CV-275-FPG

v.

                     DECISION AND ORDER

HAROLD D. GRAHAM,

         Respondent.

**INTRODUCTION**

*Pro se* petitioner Kevin Davis ("Petitioner") seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. On November 4, 2016, Petitioner moved to stay his petition and hold it in abeyance pending the exhaustion of his claims in state court. ECF No. 6. This Court denied his motion on September 29, 2017. On October 10, 2017, Petitioner again moved to hold his petition in abeyance. ECF No. 9. For the reasons that follow, the Court construes this motion to include a motion to amend his petition. It grants the Motion to Amend and denies without prejudice his Motion to Stay.

**BACKGROUND**

**I. Trial and Direct Appeal**

Petitioner was convicted after a jury trial in New York State Supreme Court, Erie County, of murder in the second degree and was sentenced to 25 years to life. ECF No. 1 at 1. On direct appeal, Petitioner argued that (1) the evidence at trial was legally insufficient and that the verdict was against the weight of evidence; (2) prosecutorial misconduct denied him his right to a fair trial; (3) the People failed to provide N.Y. Crim. Pro. § 710.30 notice of one of his statements; (4)

1

the judge did not properly instruct the jury on the voluntariness of Petitioner's statement; and (5) Petitioner's sentence was harsh and excessive. The Appellate Division, Fourth Department unanimously affirmed his conviction. *People v. Davis*, 987 N.Y.S. 2d 537 (4th Dep't 2014). The New York Court of Appeals subsequently denied leave to appeal. *People v. Davis*, 24 N.Y.3d 1083 (2014).

## II. State Court Collateral Attack

On March 31, 2015, Petitioner sought to vacate the judgment under N.Y. Crim. Proc. § 440.10. *See* ECF No. 9 at 3. He argued that (1) he was denied his right to effective assistance of counsel; (2) he was entitled to a new trial because of newly discovered evidence; and (3) he was actually innocent. *See* ECF No. 3 at 3. The newly discovered evidence was information that a third party had confessed to the murder that Petitioner was convicted of. *Id.* The Erie County Court denied Petitioner's motion to vacate on October 16, 2015. On April 28, 2017, the Appellate Division, Fourth Department reversed the Erie County Court's order, holding that the court erred in denying Petitioner's motion to vacate without conducting a hearing. *Id.* The court determined that Petitioner was entitled to a hearing on the reliability of the third-party confession and the availability and credibility of the witness who heard the third party's confession. *Id.* at 4. The court also held that Petitioner was "entitled to a hearing on his claims that defense counsel was ineffective for failing to investigate [the] potentially exculpatory information" that two individuals had told a witness that a third party had committed the murder. *Id.* The court remanded the matter to the Erie County Court for a hearing pursuant to N.Y. Crim. Proc. § 440.30 (5).

## III. Federal Habeas Petition

On April 6, 2016, Petitioner filed a federal habeas petition presenting four grounds for relief: (1) that the evidence was legally insufficient and the verdict was against the weight of

2

evidence; (2) that he was denied a fair trial due to alleged prosecutorial misconduct; (3) that his statement was improperly received absent notice pursuant to N.Y. Crim. Proc. § 710.30; and (4) that the jury did not receive proper instructions concerning the voluntariness of his statement. ECF No. 1.[1]

On November 1, 2016, Petitioner moved for his habeas petition to be held in abeyance "pending full exhaustion of petitioner's claims in the state courts." ECF No. 6 at 2. He claimed that his confusion about filing deadlines in his federal case constituted good cause for granting the abeyance motion. *Id.* This Court disagreed and denied the motion. ECF No. 8.

On October 10, 2017, Petitioner again asked that his habeas petition be held in abeyance and attached the Appellate Division's decision ordering the Erie County Court to conduct evidentiary hearings. Petitioner is "hoping for a favorable decision" following the evidentiary hearings, and "does not wish to lose one right while pursuing another right." ECF No. 9 at 2.

## DISCUSSION

In *Rose v. Lundy*, 455 U.S. 509, 521 (1982), the U.S. Supreme Court held that federal district courts cannot adjudicate "mixed" petitions containing both claims that have been exhausted in state court and claims that have not. *Lundy* crafted this rule to promote the interests of federalism and comity. *Id.* at 518.

More than two decades later, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) which imposed a 1-year statute of limitations on the filing of federal habeas petitions. *Rhines v. Weber*, 544 U.S. 269, 278 (2005).[2] As a result of the "interplay between

---

[1] Mr. Davis's federal habeas petition is not entirely clear on what grounds he is raising. The petition references the claims he raised in his N.Y. Crim. Proc. § 440.10 motion, but then doesn't include them among the grounds he is raising in his federal case. Additionally, when asked if any of the grounds for his petition were not raised in state court, he lists grounds two, three, and four, and then says that appellate counsel raised the issues on direct appeal. *See* ECF No. 1.

[2] State habeas petitions toll AEDPA's one-year statute of limitations period, but federal habeas petitions do not. *Rhines*, 544 U.S. at 272.

3

AEDPA's 1-year statute of limitations and *Lundy*'s [exhaustion] requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275.

To help resolve this tension between the AEDPA and *Lundy*, various district courts adopted a "stay-and-abeyance" procedure under which the district court could stay a mixed habeas petition and hold it in abeyance while the petitioner returned to state court to exhaust any unexhausted claims, rather than dismiss the mixed petition. *Id.* In *Rhines*, the Supreme Court circumscribed the use of the "stay-and-abey" procedure to instances where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." 544 U.S. at 278.

*Rhines* did not explain what constitutes "good cause" for failure to exhaust, leaving disagreement among district courts in its wake. Some district courts interpret the Supreme Court dictum in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), to suggest that a petitioner's reasonable confusion about exhaustion and state filing deadlines constitutes "good cause." *See, e.g.*, *Whitley v. Ercole*, 509 F. Supp, 2d 410, 419 (S.D.N.Y. 2007) (stating that the Supreme Court in *Pace* indicated that confusion about state filing deadlines constituted "good cause" and that concurring opinions in *Rhines* expressed that the "good cause" requirement is "not intended to impose the sort of strict and inflexible requirement that would trap the unwary *pro se* prisoner."). Other courts employ a stricter standard of good cause, finding that it "must arise from an objective factor external to the petitioner which cannot fairly be attributed to him or her." *Ramdeo v. Phillips*, No. 04-CV-1157 (SLT), 2006 WL 297462, at *5 (E.D.N.Y. Feb. 8, 2006).

**I.    Motion to Amend**

One threshold issue is that Petitioner's federal habeas petition is not currently a "mixed" petition,[3] so *Rhimes* is inapplicable. Petitioner's federal habeas petition raised four grounds, all of which have been exhausted at the state level. *See* ECF No. 1 at 2-3. The unexhausted claims—ineffective assistance of trial counsel and newly discovered evidence—were not included in Petitioner's federal habeas petition, notwithstanding his representations to the contrary.

Given Plaintiff's apparent confusion and the Court's duties to construe *pro se* submissions "liberally" and interpret them to "raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 472 (2d Cir. 2006), the Court reads Petitioner's current motion to include a motion to amend his petition to add the previously unexhausted newly-discovered-evidence and ineffective-assistance-of-trial-counsel claims. *See Simmons v. Sheahan*, No. 14 CIV. 3998 VB JCM, 2015 WL 5146149, at *4 (S.D.N.Y. Aug. 31, 2015).

Allowing Petitioner to amend his petition is appropriate in this instance because the ineffective assistance of trial counsel and new evidence claims are timely. *See id.* at *3. Additionally, Respondent has been on notice of the substance of these new claims since the filing of the petition, so it cannot claim surprise or prejudice. *See Foman v. Davis*, 371 U.S. 178, 182 (1963). With the addition of the unexhausted ineffective-assistance-of-trial counsel and newly-discovered-evidence claims, Petitioner's federal habeas petition is now a mixed petition primed for review under *Rhimes*.

---

[3] This Court erroneously treated Petitioner's federal petition as "mixed" in its previous decision on his abeyance motion, *see* ECF No. 8, but it did so because of Petitioner's confusing submissions to the Court that mischaracterized his petition as "mixed." *See* ECF No. 9 at 1. The Court did not then have the benefit of Petitioner's most recent filings, which clarify that he did not include his unexhausted claims in his federal habeas petition.

**II.     Abeyance Motion**

Turning to the *Rhines* factors, Petitioner has demonstrated that his unexhausted claims are potentially meritorious and that he has not engaged in intentionally dilatory litigation tactics, but he has not demonstrated good cause for his failure to exhaust. *See* ECF No. 8. The Court cannot divine any external factor that justified Petitioner's failure to exhaust, nor is it apparent that Petitioner "was confused as to whether his claims were properly exhausted in state court." *Pace*, 544 U.S. 416. While Petitioner expressed confusion over federal deadlines to respond to Respondent, he has never admitted confusion about whether or not his claims had been exhausted in state court—in fact, he expressly acknowledged that he filed his habeas petition knowing[4] that some of his claims had not been exhausted at the state level. *See* ECF No. 6 at 1 ("In my petition I assert that not all of my claims have yet been exhausted for purposes of habeas review, as certain of those claims are still pending before the Appellate Division, Fourth Department.").

The only confusion Petitioner has admitted to relates to federal response deadlines, which is not the type of "reasonable confusion" that courts have decided may constitute "good cause." *See, e.g.*, *Nieves v. Conway*, No. 09-CV-3710 SLT LB, 2011 WL 2837428, at *3 (E.D.N.Y. July 14, 2011) (noting that even if the petitioner demonstrated "reasonable confusion" about federal filing deadlines, "*Pace* is of little help to Petitioner, as it recognizes confusion about *state* deadlines; it does not offer explicit support for finding good cause in confusion as to a *federal* deadline.") (emphasis in original); *Davis v. Graham*, 16-cv-275-FPG, 2017 WL 4324686, at *1 (W.D.N.Y. Sept. 29, 2017) ("Reasonable Confusion as to federal court deadlines, however, does

---

[4] As discussed earlier, Petitioner did not properly include his unexhausted claims in his habeas petition, but he admits no confusion about whether or not his ineffective-assistance-of-trial-counsel and newly-discovered-evidence claims had been exhausted in state court.

not constitute good cause for petitioner's failure to exhaust in state court."). Accordingly, the Court finds that there is no good cause for Petitioner's failure to exhaust.

Furthermore, a stay does not appear necessary in Petitioner's case because he has already commenced state exhaustion proceedings and, thus, the AEDPA's one-year statute of limitations is currently tolled. *See Francois v. Warden of Sullivan Corr. Facility*, No. 12-CV-5333 RRM, 2014 WL 1153920, at *4 (E.D.N.Y. Mar. 19, 2014) (""Nor does the Court perceive an obvious need for a stay, given that petitioner has a coram nobis application currently pending.").

After rejecting Petitioner's request for a stay, the Court may deal with his habeas petition in three other ways: "(1) dismiss the petition in its entirety without prejudice; (2) deny the entire petition on the merits; [or] (3) allow the petitioner to delete the unexhausted claims and proceed with his exhausted claims." *Francois*, 2014 WL 1153920, at *4. The second option of dismissing the petition on its merits is inappropriate at this stage because the Court cannot deem Petitioner's claims "plainly meritless." *See Rhimes*, 544 U.S. at 270; 28 U.S.C. § 2254. Similarly, the third option of allowing Petitioner to delete his unexhausted claims is not feasible, as Petitioner surely would not want to delete what are potentially his most meritorious claims.

The best option given the circumstances is to dismiss the petition in its entirely without prejudice. While this action would not be appropriate if it would "unreasonably impair the petitioner's right to obtain federal relief," *Rhines*, 544 U.S. at 278, there is no threat of impairment in Petitioner's case because the "AEDPA's one-year statute of limitations has [not] already expired [and will not] do so shortly." *Wesley-Rosa v. Kaplan*, 274 F. Supp. 3d 126, 129 (E.D.N.Y. 2017).

Recounting Petitioner's filing history confirms that he will have ample time to refile his habeas petition after he exhausts his claims. *See id.* at 130 ("When compliance with a limitations period is in the cross hairs, naturally a precise recounting of the filing history is required."). The

Court of Appeals denied Petitioner leave to appeal on December 29, 2014. ECF No. 1 at 2. Accordingly, his conviction technically became final 90 days after December 29, 2014, on Sunday, March 29, 2015. *See Monroe v. Rock*, No. 09-CV-6366 (MAT), 2011 WL 1792926, at *2 (W.D.N.Y May 10, 2011). Because the 29th of March falls on a weekend, the conviction was legally final on March 30, 2015. *See Wesley-Rosa*, 274 F. Supp. at 130. Some point prior to October 16, 2015—the date Petitioner's request for a hearing in state court was denied—he filed his N.Y. Crim. Proc. § 440.10 motion. He might have filed it prior to March 30, 2015, in which case the statute of limitations would not have started to run. If he filed it any time after that, some amount of time would have elapsed on the one-year clock. In any event, the AEDPA's limitations period would be tolled by the filing of the N.Y. Crim. Proc. § 440.10 motion, and it is still tolled since the proceedings are ongoing.

If Petitioner is not successful following the hearing and is denied leave to appeal, he may or may not have a full year remaining on the statute of limitations. While the Court cannot ascertain the exact length of time that the AEDPA statute of limitations has run because it does not know the date on which he filed his N.Y. Crim. Proc. § 440.10 motion, Petitioner has at least as much time to refile his federal petition as other petitioners who courts have found not "unreasonably impaired" by the dismissal without prejudice of their habeas petitions. *See, e.g., id.* at 131 ("[Petitioner] would have at least six months to refile her petition."). Dismissing Petitioner's habeas petition without prejudice is thus appropriate.

The Court cautions Petitioner that he is solely responsible for watching his limitations calendar and returning to federal court before the one-year statute of limitations has run. Furthermore, this Order does not constitute a finding that Petitioner has fully and properly exhausted his state law claims. Petitioner must fully exhaust all claims he intends to bring in his

8

habeas application in accordance with New York State law and federal precedent. *Francois*, 2014 WL 1153920, at *5. For instance, before refiling his federal petition, Petitioner must ensure that he "informed the state court of both the factual and legal premises of the claim[s] he asserts in federal court" and "alerted the state court to the [claims'] federal nature." *Lyon v. Senkowski*, 109 F. Supp. 2d 125, 134 (W.D.N.Y. 2000). Additionally, he should ensure that he has fully exercised any state appeal rights.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Amend (ECF No. 9) is GRANTED and his Motion to Stay (ECF No. 9) is DENIED WITHOUT PREJUDICE.

Since petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability shall not issue. *See* 28 U.S.C. § 2253(c)(2). The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 21, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court